IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| OWNERS INSURANCE CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 1:20-cv-967-ECM |
| ) | [WO] |
| PAMELA KEEBLE, *d/b/a* KEEBLE ) | |
| ENTERPRISES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendants' motion for jury trial pursuant to Federal Rule of Civil Procedure 39(b). (Doc. 23). Plaintiff Owners Insurance Company ("Plaintiff" or "Owners") filed a response in opposition. (Doc. 30). For the reasons that follow, the Defendants' motion is due to be granted.

In August 2020, Defendant Eric Toliver was operating a motorcycle when he was seriously injured in a crash with another vehicle in Dothan, Alabama. Mr. Toliver and his wife, Defendant Kelsey Toliver, made a claim for underinsured motorist benefits from Owners under a policy issued to Defendant Pamela Keeble d/b/a Keeble Enterprises. Owners denied the Tolivers' claim after determining, in relevant part, that Mr. Toliver was not employed by Keeble Enterprises and that neither Mr. Toliver nor Mrs. Toliver resided with Pamela Keeble.

On November 23, 2020, Owners filed a Complaint for Declaratory Judgment, asking the Court to "determine the rights and duties of the parties with respect to what

benefits Owners owes (if any) to Eric Toliver and Kelsey Toliver." (Doc. 1 at 5). After signing waivers of service, the Defendants filed an answer on January 28, 2021. (Doc. 12). The Defendants did not request a jury trial in their answer. On September 8, 2021, the Defendants filed the subject motion for jury trial.

Federal Rule of Civil Procedure 38 governs requests for a jury trial. Rule 38(b) requires that a jury demand be made "no later than 14 days after the last pleading directed to the issue is served." The Defendants filed their answer on January 28, 2021. Thus, the deadline to make a timely jury demand was February 11, 2021.

However, that does not end the inquiry. Rule 39(b) provides that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." In the Eleventh Circuit, "the general rule governing belated jury requests under Rule 39(b) is that the trial court 'should grant a jury trial in the absence of strong and compelling reasons to the contrary.'" *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983) (citation omitted). "[D]istrict courts have broad discretion when considering Rule 39(b) motions and often freely grant such motions after considering" the following five factors:

> (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

*Id.* The Court will address each factor in turn.

The Court agrees with the Defendants that the case involves factual issues which are best tried to a jury, namely whether Mr. Toliver was employed by Keeble Enterprises

2

and whether Mr. Toliver "resided" in the Keeble household.  Owners contends that the material facts are undisputed and the only issue before the Court is whether coverage is owed under the applicable insurance policy, which is a legal question the Court is "uniquely qualified" to answer. (Doc. 30 at 4).  True, the ultimate legal question is whether coverage is owed.  But it appears to the Court that factual issues regarding Mr. Toliver's employment and residence are material to the ultimate legal question.  Moreover, the Court is not prepared at this stage to accept Owners' unsupported assertion that the material facts are undisputed, particularly since the Defendants' answer denied Owners' factual allegations regarding where Mr. Toliver and Pamela Keeble resided, (doc. 12 at 2, para. 10).  Thus, the first *Parrott* factor weighs in favor of granting the motion.

Regarding the second factor, the Court finds that granting the motion would not disrupt either the Court's schedule or Owners' schedule.  This case is currently set for a bench trial in Dothan, Alabama, on April 18, 2022, (doc. 22 at 1), which is one of the undersigned's civil jury trial terms.  If converted to a jury trial, this case would proceed on the same date for which it is currently set.  And although a jury trial will take longer than a bench trial, the Court finds that the greater length of time would not substantially disrupt the Court's schedule.  Owners does not articulate any argument that granting the motion would disrupt its schedule.

Regarding the third factor, Owners contends that granting the motion at this stage would "materially prejudice" Owners because discovery is complete or "substantially complete," and because "discovery is conducted differently in a jury vs. non-jury case."

(Doc. 30 at 3).  It appears to the Court that the fact issues in this case are not overly complex, and Owners fails to explain *how* discovery being complete or "substantially complete" contributes to the prejudice purportedly caused by the belated jury demand.[1] Thus, the Court finds that the status of discovery is not a "strong and compelling reason" to deny the motion. *See Parrott*, 707 F.2d at 1267 (citation omitted).  Finally, although Owners contends broadly that "discovery is conducted differently in a jury vs. non-jury case," (doc. 30 at 3), Owners fails to articulate a concrete example of how discovery was conducted differently in *this* case or how Owners would have conducted discovery had this case been set for a jury trial earlier.  In sum, Owners has failed to sufficiently support its contention that it would be prejudiced by the untimely jury demand, and thus the purported prejudice is not a "strong and compelling reason" to deny the motion. *See Parrott*, 707 F.2d at 1267 (citation omitted).

    The last two factors weigh in Owners' favor.  The Defendants' Rule 39(b) motion was filed more than seven months late—a substantial delay.  Additionally, the Defendants' contention that they only recently discovered the jury issues is unpersuasive, given that Owners alleged in its complaint that it denied coverage after determining that Mr. Toliver was not employed by Keeble Enterprises and that Mr. Toliver did not reside with Pamela Keeble, and given that the Defendants' answer denied Owners' factual allegations

---

[1] When Owners' response to the Defendants' motion was filed, the discovery deadline had not passed: prior to Owners' filing its response, the parties filed a joint motion to extend the discovery deadline until October 4, 2021, (doc. 25), which the Court granted, (doc. 26).  Thus, Owners' argument that the Defendants "should not be permitted to make a jury demand . . . after discovery has been completed," (doc. 30 at 5), also appears to rest on a faulty factual premise.

regarding where Mr. Toliver and Pamela Keeble resided. Although the delay was substantial and the Defendants have not articulated a compelling reason for the delay, the Court finds that neither the length of the delay nor the reason for the delay, separately or together, outweighs the other factors and the Eleventh Circuit's presumption in favor of granting Rule 39(b) motions. *See Bonds v. Lukima*, 2015 WL 3505643, at *3 (N.D. Ala. June 3, 2015) (reaching a similar conclusion even though the opposing party "ha[d] a better argument on the last two factors").[2] Considering the weight of the *Parrott* factors and the Eleventh Circuit's "general rule" that the Court "should grant a jury trial in the absence of strong and compelling reasons to the contrary," *Parrott*, 707 F.2d at 1267 (citation omitted), the Court in its discretion finds that the Defendants' belated jury trial request is due to be granted.

Accordingly, upon consideration of the Defendants' motion, and for good cause, it is

ORDERED that the Defendants' motion for jury trial (doc. 23) is GRANTED.

Done this 12th day of October, 2021.

                                        /s/Emily C. Marks
                                        EMILY C. MARKS
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[2] While the Court recognizes that *Bonds* is not binding precedent, the Court finds its analysis persuasive.