IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| OWNERS INSURANCE CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 1:20-cv-967-ECM |
| ) | [WO] |
| PAMELA KEEBLE, *d/b/a* KEEBLE ) | |
| ENTERPRISES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Now pending before the Court are Plaintiff Owners Insurance Co.'s ("Owners") two motions in limine (docs. 77 & 78) and Defendants Pamela Keeble, d/b/a Keeble Enterprises, Eric Toliver, and Kelsea Toliver's (collectively, "Defendants") eight motions in limine (doc. 72). The Court will address each motion in turn.

**A. Owners' Motions**

**1. First Motion**

Owners' first motion in limine seeks to bar "any arguments, evidence, exhibits, questions, references or statements related to Mr. Toliver's accident, injuries, and medical conditions." (Doc. 77 at 1). Owners' motion is overly broad. While the Court agrees that the trial should not become a mini-trial on Mr. Toliver's accident and injuries, it is not possible to avoid *any* reference or statement to Mr. Toliver's accident or injuries. Owners filed this declaratory judgment action to determine whether it owes coverage to Mr. Toliver, Mrs. Toliver, or both for claims arising out of Mr. Toliver's accident. The

jury will decide a disputed factual issue which is relevant to determining whether such coverage is owed. Because Owners' motion is overly broad, it is due to be denied without prejudice to any specific objection at trial.

### 2. Second Motion

Owners' second motion in limine seeks to prevent the Defendants from making any argument or suggestion that Owners acted in bad faith in reviewing the Defendants' claims and filing this declaratory judgment action. (Doc. 78). The Defendants have not objected to this motion, and the Court finds that it is due to be granted.

## B. Defendants' Motions

### 1. First Motion

The Defendants' first motion in limine seeks to exclude evidence of or references to Mr. Toliver's drug use or any child support he owes. (Doc. 72 at 1–2). Owners has not objected to this motion, and the Court finds that it is due to be granted.

### 2. Second Motion

The Defendants' second motion in limine seeks to exclude any reference to an "insurance liability crisis." (Doc. 72 at 2). Owners has not objected to this motion, and the Court finds that it is due to be granted.

### 3. Third Motion

The Defendants' third motion in limine seeks to exclude any reference to or suggestion that the Defendants hope to "hit the jackpot" or "win the lottery" in this case.

(Doc. 72 at 3–4). Owners has not objected to this motion, and the Court finds that it is due to be granted.

### 4. Fourth Motion

The Defendants' fourth motion in limine seeks to exclude a letter written by one of the Defendants' attorneys, Gantt Pierce, to Owners' counsel. (Doc. 72 at 4–5). The Defendants contend that the letter is an offer of compromise and thus inadmissible under Federal Rule of Evidence 408. Owners responds that the letter was not an offer of compromise; rather, Owners contends Mr. Pierce wanted Owners "to pay the claim in full, and threatened suit otherwise." (Doc. 81 at 1). Owners further contends that Rule 408 "only protects an actual offer of compromise – not the factual assertions made by the claimant." (*Id.*). Owners seeks to use the letter as evidence of the Tolivers' purportedly prior inconsistent statements about their residence at the time of Mr. Toliver's accident.

Rule 408 makes the following evidence inadmissible "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement": "furnishing, promising, or offering . . . a valuable consideration in compromising or attempting to compromise the claim; and . . . a statement made during compromise negotiations about the claim." Exclusion of such evidence is rooted in the "promotion of the public policy favoring the compromise and settlement of disputes." FED. R. EVID. 408 advisory committee's note to 1972 proposed rule; *Reichenbach v. Smith*, 528 F.2d 1072, 1074 (5th Cir. 1976) ("A primary reason for excluding evidence of a compromise is to encourage non-litigious solutions to disputes."); *see also* FED. R. EVID. 408 advisory

committee's note to 2006 amendment (explaining that allowing impeachment by prior inconsistent statements made in settlement negotiations "would tend to swallow the exclusionary rule and would impair the public policy of promoting settlements").

The letter reveals a bona fide dispute as to whether Owners owed any coverage to Mr. or Mrs. Toliver, and more specifically whether the Tolivers resided with Mrs. Keeble at the time of Mr. Toliver's accident. The letter references prior communications between the attorneys about the Tolivers' claims and the residency issue. It then sets forth the Tolivers' position, with supporting factual assertions, that they were residing with Mrs. Keeble and thus are entitled to coverage. The letter also explains the Defendants' position that Owners had acted in bad faith in investigating and handling their claims. The letter then makes a demand for the policy limits, and in closing expresses the Defendants' desire to avoid litigation and inquires as to Owners' willingness to engage in pre-litigation mediation.

The Court concludes that Mr. Pierce's letter is an offer of compromise and should be excluded, including the factual assertions therein regarding the Tolivers' residency. The Court is not persuaded by Owners' argument that the letter is not an offer of compromise because it demanded the policy limits under threat of suit. The Court finds persuasive on this point one of the cases Owners cites: "Nowhere does [Rule 408] expressly exclude demand letters, and the Court finds that demand letters can fall into the ambit of the exclusionary power of the rule, so long as the letter offers a compromise of the claim in exchange for satisfaction of the demand." *Atronic Int'l, GmbH v. SAI Semispecialists of*

*Am., Inc.*, 2006 WL 2654827, at *7 (E.D.N.Y. Sept. 15, 2006).  Construing it as a whole, the letter may reasonably be interpreted as an offer for Owners to pay the Tolivers the policy limits in exchange for avoiding the time and expense of litigation and the Tolivers not suing Owners for bad faith, for which compensatory and punitive damages are available.  Punitive damages could have exposed Owners to liability greater than the policy limits.  On this record, the letter could be seen as an "inducement that would avoid the necessity of 'incur[ring] any additional legal costs.'" *See Winchester Packaging, Inc. v. Mobil Chem. Co.*, 14 F.3d 316, 320 (7th Cir. 1994) (alteration in original).  Thus, the letter offered Owners "a valuable consideration in . . . attempting to compromise" the Defendants' claims. *See* FED. R. EVID. 408.  Additionally, that the letter references prior communications between the attorneys about the validity of the Tolivers' claims, expresses a desire to avoid litigation, and inquires about Owners' willingness to engage in pre-litigation mediation further supports the Court's conclusion that the parties were attempting to resolve an ongoing dispute about whether Owners owed coverage and the amount thereof. *See Atronic Int'l*, 2006 WL 2654827, at *7 n.4 (highlighting evidence that the plaintiff had already retained counsel and sent successive correspondence regarding the contract dispute as relevant to the court's determination whether, in its discretion, it should exclude the evidence under Rule 408); *EEOC v. Gear Petroleum, Inc.*, 948 F.2d 1542, 1545 (10th Cir. 1991) (affirming district court's exclusion of communications under Rule 408; district court had found it "important . . . that there was communication between the attorneys for [the parties] undertaken in the interest of encouraging some form of

reconciliation of this matter"). The letter did not solely provide demands and lack any suggestion of compromise. *Cf. Atronic Int'l*, 2006 WL 2654827, at *7 n.4 ("Where a letter provides *solely* demands and lacks *any* suggestion of compromise, such a document would not be excludable by Rule 408." (emphases added)). The Court's conclusion is also informed by the public policy in favor of encouraging settlement. And it follows that the factual assertions regarding the Tolivers' residence were "statement[s] made during compromise negotiations about the claim" and thus inadmissible. *See* FED. R. EVID. 408.

For the reasons stated, the letter and statements therein are inadmissible under Rule 408. Accordingly, the Court finds that the Defendants' fourth motion in limine is due to be granted.

### 5. Fifth Motion

The Defendants' fifth motion in limine seeks to exclude any argument or suggestion by Owners that Mr. Toliver's family was "anything other than committed to his treatment and recovery," including that the Toliver or Keeble families were not involved in Mr. Toliver's care, that they were not involved in his treatment, or that "they did not participate in his life or that he in any way, shape or form had been neglected by his family." (Doc. 72 at 5). The Defendants contend that no such evidence has been identified and any argument or suggestion would improperly prejudice the jury. Owners objects, explaining that while it does not anticipate this line of questioning, the family relationship and dynamics between the Tolivers and Keebles is relevant to where the Tolivers resided at the time of the accident; and that the issue of Mr. and Mrs. Toliver's residence may involve an

6

inquiry into the family dynamics among Mr. Toliver, Mrs. Toliver, and the Keebles. The Court finds that the motion is due to be denied without prejudice to any specific objection at trial.

### 6. Sixth Motion

The Defendants' sixth motion in limine seeks to exclude any reference to whether the Defendants are rich or poor. (Doc. 72 at 5). Owners does not object to this motion, and the Court finds that it is due to be granted.

### 7. Seventh Motion

The Defendants' seventh motion in limine seeks to exclude evidence of Mr. Toliver's prior criminal arrests, charges, or convictions. (Doc. 72 at 5–6). Owners objects on the grounds that evidence of certain criminal convictions may be used to impeach a witness's credibility, citing Federal Rules of Evidence 607 and 609. Rule 607 provides that "[a]ny party . . . may attack the witness's credibility," and Rule 609 sets forth the rules applicable to "attacking a witness's character for truthfulness by evidence of a criminal conviction." As applicable to civil cases, Rule 609(a) provides that, "for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence must be admitted, subject to Rule 403," and "for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Rule 609(b), however, limits the use of such evidence "if more than 10 years have passed since the witness's conviction or release

7

from confinement for it, which is later." In such circumstance, evidence of the conviction "is admissible only if (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." FED. R. EVID. 609(b). The Court is unable to determine whether Mr. Toliver's criminal convictions, if any, may be admissible for impeachment purposes. Accordingly, the motion is due to be granted as to the use of evidence of Mr. Toliver's prior criminal arrests, charges, or convictions for any purpose other than impeachment. The motion is denied without prejudice to any specific objection at trial as to the use of evidence of a criminal conviction for impeachment purposes.

8. **Eighth Motion**

The Defendants' eighth motion in limine seeks to exclude testimony, evidence, or argument about Mr. Toliver's application for or entitlement to Social Security benefits. (Doc. 72 at 6). Owners objects on the grounds that certain evidence, specifically Mr. Toliver's Social Security application, is relevant in that it contains Mr. and Mrs. Toliver's statements which are relevant to the issue of their residency, and that such statements may also be used for impeachment with respect to any contrary testimony. Owners further states that it "does not intend to offer these Social Security records on the issue of Eric Toliver's medical condition." (Doc. 81 at 6). The Court agrees that certain statements by Mr. and Mrs. Toliver in the Social Security application are relevant to the residency issue and that such statements may also be used for impeachment purposes. The

Court finds that the motion is due to be denied without prejudice to any specific objection at trial.

Accordingly, for the reasons stated, and for good cause, it is hereby

ORDERED as follows:

1. Owners' first motion in limine (doc. 77) is DENIED without prejudice to any specific objection at trial;

2. Owners' second motion in limine (doc. 78) is GRANTED;

3. Defendants' first motion in limine (doc. 72 at 1–2) is GRANTED;

4. Defendants' second motion in limine (doc. 72 at 2) is GRANTED;

5. Defendants' third motion in limine (doc. 72 at 3–4) is GRANTED;

6. Defendants' fourth motion in limine (doc. 72 at 4–5) is GRANTED;

7. Defendants' fifth motion in limine (doc. 72 at 5) is DENIED without prejudice to any specific objection at trial;

8. Defendants' sixth motion in limine (doc. 72 at 5) is GRANTED;

9. Defendants' seventh motion in limine (doc. 72 at 5–6) is GRANTED as to the use of evidence of Mr. Toliver's prior criminal arrests, charges, or convictions for any purpose other than impeachment, and DENIED without prejudice to any specific objection at trial as to the use of evidence of a criminal conviction for impeachment purposes;

10. Defendants' eighth motion in limine (doc. 72 at 6) is DENIED without prejudice to any specific objection at trial.

Done this 8th day of April, 2022.

                                            /s/Emily C. Marks  
                                   EMILY C. MARKS  
                                   CHIEF UNITED STATES DISTRICT JUDGE